UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD EARL PALLASKE, | Case No. 06-1735-RSL-JPD |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE |
| ISLAND COUNTY, et al., | |
| Defendants. | |

This matter comes before the Court upon plaintiff's motion to extend the discovery deadline in the above-captioned case. Plaintiff seeks an extension of 180 to 360 days. Dkt. No. 24 at 3. Defendants have filed a response which objects only to the length of the requested extension, asserting that a three-month extension is more appropriate. Dkt. No. 26 at 1-2. After careful consideration of the motion, response, governing law, and the balance of the record, the Court ORDERS as follows:

Federal Rule of Civil Procedure 16(b) provides for the modification of a scheduling order upon a "showing of good cause" by the moving party. Fed. R. Civ. P. 16(b). The Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, Advisory Committee Notes (1983 Amd.). Although the existence or degree of prejudice to the party opposing the modification can provide additional reasons to deny a motion, the focus of the inquiry is upon the moving

01  party's reasons for seeking modification. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d

02  604, 609 (9th Cir. 1992). If the moving party has not been diligent, the inquiry should end.

03  *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)

04        Plaintiff has demonstrated good cause. Plaintiff's motion indicates that he has

05  encountered difficulties preparing for trial because of limited personal and prison resources.

06  Dkt. No. 25 at 2. Furthermore, plaintiff submits that he is entitled to an extension due to

07  delays in receiving this Court's Pretrial Scheduling Order (Dkt. No. 17), failed attempts to

08  obtain counsel, failed attempts to locate and receive declarations from several eye-witnesses,

09  and other significant difficulties encountered during the discovery process. Dkt. No. 24 at 1-2.

10  These facts indicate plaintiff has diligently attempted to conform to this Court's scheduling

11  orders but, despite his best efforts, has been unable to do so.

12        Defendants do not contend that plaintiff was not diligent, do not argue that they have

13  or will be prejudiced, or that good cause has not been shown. Instead, they simply submit that

14  90 days, not 180 to 360, is the more appropriate extension.

15        Defendant's opposition was filed with the Court and mailed to the plaintiff on July 2,

16  2007—the Monday before the date upon which plaintiff's motion was noted on this Court's

17  calendar. As plaintiff correctly notes, defendant's response was not timely mailed in

18  accordance with this Court's Local Rules. *See* Local Rule CR 7(d)(3) ("If service is by mail,

19  the opposition papers shall be mailed *not later* than the Friday preceding the noting date.")

20  (emphasis added). For that reason, plaintiff urges that defendants' response be stricken and the

21  discovery schedule extended 180 to 360 days. It appears that plaintiff may be able to obtain

22  counsel if the Court grants such an extension. *See* Dkt. No. 24 at 2, Ex. 1; Dkt. No. 30 at 2.

23        The Court ORDERS as follows:

24        (1)    Plaintiff's motion for extension of time (Dkt. No. 24) is GRANTED IN PART.

25  Plaintiff's Motion to Strike defendant's response (Dkt. No. 29) is DENIED. Plaintiff shall be

26  granted an additional **9 months** from the date of this Order to complete discovery. The

ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR EXTENSION OF DISCOVERY DEADLINE
PAGE – 2

discovery deadline is thus moved to **May 2, 2008**.  Furthermore, the dispositive motions deadline shall be extended until **June 2, 2008**.  Finally, the parties shall confer and provide the Court with a joint pretrial statement by no later than **September 1, 2008**.  A trial date will be set by the Court at an appropriate time in the future.

The Court advises the plaintiff that no further extensions will be granted absent a showing of good cause.

(2) The Clerk is directed to send a copy of this Order to plaintiff, counsel for the defendants, and to the Honorable Robert S. Lasnik, Chief Judge.

DATED this 1st day of August, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge