UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD EARL PALLASKE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ISLAND COUNTY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 06-1735-RSL-JPD <br><br> ORDER DENYING PLAINTIFF'S MOTION TO LIMIT DISCOVERY, BUT GRANTING PLAINTIFF'S REQUEST FOR PRODUCTION OF CERTAIN DOCUMENTS |

## I. INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on plaintiff's motion to limit the scope of discovery (Dkt. No. 40), and motion for an order requiring defendants to produce certain requested documents (Dkt. No. 41). The defendants have filed responses to these motions, see Dkt. Nos. 43-45, to which plaintiff has not replied. After careful consideration of the motions, responses, the governing law and balance of the record, the Court DENIES plaintiff's motion to limit the scope of discovery (Dkt. No. 40), and GRANTS his motion to compel production of certain documents (Dkt. No. 41). Production shall take place **on or before November 14, 2007**.

ORDER DENYING PLAINTIFF'S MOTION TO LIMIT
DISCOVERY, BUT GRANTING PLAINTIFF'S REQUEST
FOR PRODUCTION OF CERTAIN DOCUMENTS
PAGE – 1

## II.  DISCUSSION

### A.  Motion to Limit Scope of Discovery

This motion is centered on information regarding a pre-existing injury or medical condition. Plaintiff seeks to limit the temporal scope of discovery from November 3, 2003 to the present date. Dkt. No. 40 at 1. The defendants oppose this request, and argue that the information they seek is relevant to the issues of causation and damages. Dkt. No. 44 at 2.

Plaintiff's motion fails for two reasons. First, it was not properly brought. A motion seeking to alter or limit the scope of discovery is governed by Federal Rule of Civil Procedure 26(c)(4). The plain terms of Rule 26(c) requires "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). Plaintiff failed to make any such attempt, and for that reason, his motion should be denied.

Second, and even assuming that plaintiff met the certification requirements of Rule 26(c), his motion fails on its merits. Litigants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevant information, for purposes of discovery, is information "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). Here, the parties do not dispute that plaintiff suffered a prior injury to the same eye he now claims was injured by the actions of the defendants. *See* Dkt. No. 45 at 2-3. Medical records produced during discovery support this fact. *See* Dkt. No. 45, Ex. A. Information regarding whether plaintiff's alleged injuries were caused by a pre-existing eye injury is relevant to this case. The fact that this evidence might be unfavorable to one party does not make it any less discoverable. Accordingly, plaintiff's motion to limit the scope of discovery fails.

ORDER DENYING PLAINTIFF'S MOTION TO LIMIT
DISCOVERY, BUT GRANTING PLAINTIFF'S REQUEST
FOR PRODUCTION OF CERTAIN DOCUMENTS
PAGE – 2

B. <u>Motion Seeking In Camera Review and Order Requiring Production</u>

Plaintiff also asks this Court to conduct an *in camera* review of certain documents that defendants refused to disclose in discovery pursuant to the attorney-client privilege and/or the work product doctrine, and further requests that the Court order defendants to produce the same. Dkt. No. 41 at 1-2. The parties appear to agree that the documents to which plaintiff refers consist of investigation reports prepared and submitted by defendant Island County's risk manager, as well as Island County Commissioner meeting minutes in which plaintiff's claims were discussed. *See* Dkt. No. 41 at 1-2; Dkt. No. 43 at 1-2. The defendants insist that such information fits squarely within the work product doctrine as post-complaint documents containing "Island County's mental impressions, conclusions, opinions, an legal theories with respect to the plaintiff's allegations." Dkt. No. 43 at 2. No other particulars are discussed.

The work product doctrine provides a qualified immunity for material prepared in anticipation of litigation by a party or its representative. *See* Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (1947). The party asserting the work product doctrine has the burden of establishing, for each document, the rule's application. *Heath v. F/V Zolotoi*, 221 F.R.D. 545, 549 (W.D. Wash. 2004); *see also Yurick v. Liberty Mut. Ins. Co.*, 201 F.R.D. 465, 472 (D. Ariz. 2001) (noting that burden of establishing work product protection lies with the proponent, and "it must be specifically raised and demonstrated rather than asserted in a blanket fashion"). This burden can be met by, for example, submitting affidavits showing that certain facts exist to support the work product rule, or by providing a privilege log describing the documents the proponent claims to be protected. Indeed, the Federal Rules of Civil Procedure require privilege logs when otherwise discoverable information is withheld on the basis of privilege or work product protection. Fed. R. Civ. P. 26(b)(5).

Here, defendants have not met their burden of demonstrating that any particular document falls within the work product protection, and indeed have failed to set forth any

ORDER DENYING PLAINTIFF'S MOTION TO LIMIT
DISCOVERY, BUT GRANTING PLAINTIFF'S REQUEST
FOR PRODUCTION OF CERTAIN DOCUMENTS
PAGE – 3

preliminary facts to support the applicability of the rule.  Furthermore, the defendants have failed to comply with the provisions of Rule 26(b)(5), which requires a party claiming privilege to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5).  The defendants have not provided the Court with a privilege log, nor have they given the Court sufficient information, in any form, to evaluate the applicability of the work product protection.  The failure to provide such information to the Court constitutes a separate basis for finding a waiver of any such protection in this case.  *See Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005); *Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 182-83 (E.D. Cal. 1991).

Finally, the defendants view *in camera* review as a waste of time.  *See* Dkt. No. 43 at 2.  For the foregoing reasons, the Court agrees, and orders that defendants produce the documents and/or information referred to by questions 7-9 in plaintiff's "Request for Information and Documents," dated June 7, 2007.  *See* Dkt. No. 33, Ex. 2 at 2, ¶¶7-9.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's motion to limit the scope of discovery (Dkt. No. 40) is DENIED, and plaintiff's motion for an order requiring defendants to produce requested documents (Dkt. No. 41) is GRANTED, with such responses to be produced to plaintiff no later than November 14, 2007.  The Clerk of Court is directed to send a copy of this Order to the parties and to the Honorable Robert S. Lasnik, Chief Judge.

DATED this 5th day of November, 2007.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO LIMIT
DISCOVERY, BUT GRANTING PLAINTIFF'S REQUEST
FOR PRODUCTION OF CERTAIN DOCUMENTS
PAGE – 4