UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                       )
RICHARD EARL PALLASKE,                 )   No. C06-1735RSL
                                       )
                 Plaintiff,            )   ORDER DENYING DEFENDANTS'
        v.                             )   RULE 72(a) OBJECTIONS TO
                                       )   JUDGE DONOHUE'S
ISLAND COUNTY, *et al.*,               )   NOVEMBER 15, 2007 ORDER
                                       )   DENYING DEFENDANT'S MOTION
                 Defendants.           )   FOR RECONSIDERATION
_____)

## I. INTRODUCTION

This matter comes before the Court on "Defendants' Rule 72(a) Objections to Magistrate Judge Donohue's November 15, 2007 Order Denying Defendants' Motion for Reconsideration" (Dkt. #54). Defendants object to the "Order Denying Defendants' Motion for Reconsideration" (Dkt. #52) entered by the Honorable James P. Donohue, United States Magistrate Judge, because they contend that Judge Donohue's order compelling defendant Island County to produce documents responsive to plaintiff's request for production of documents was erroneous. As a result, defendants request that this Court find that an <u>in camera</u> review of the documents is required or find that plaintiff is not entitled to production of the documents under the work product doctrine. For the reasons set forth below, the Court denies defendants' objections.

## II. DISCUSSION

Defendants filed their objections under Fed. R. Civ. P. 72(a), which states:

ORDER DENYING DEFENDANTS'
RULE 72(a) OBJECTIONS

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. <u>The district judge in the case must consider timely objections and modify or set aside any part of the order that is contrary to law</u>.

<u>Id.</u> (emphasis added). In the "Order Denying Defendants' Motion for Reconsideration" (Dkt. #52), Judge Donohue concluded that defendants failed to show under Local Civil Rule 7(h) that the order requiring that "defendants produce the documents and or information referred to by questions 7-9 in plaintiff's 'Request for Information and Documents'" (Dkt. #47) was the product of manifest error or that defendants had presented new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. <u>See</u> Local Civil Rule 7(h)(1). The documents at issue were identified in plaintiff's request for production 7-9 as:

> 7. Copy of investigation report submitted to the County Risk Manager, Betty Kemp, by county employees pursuant to Island County Code 2.32.040.
>
> 8. Copy of report submitted by the County Risk Manager, Betty Kemp, to the Board of County Commissioners pursuant to Island County Code 2.32.050 B.
>
> 9. Copy of minutes of meeting from any discussions held by County Risk Manager, Betty Kemp, with Board of County Commissioners in regards to submitted reports or findings in connection with plaintiff's complaint.

<u>See</u> Dkt. #55 (Novasky Decl.) at Ex. A (Plaintiff's Request for Information and Documents); Dkt. #52 ("[I]t is plain that plaintiff's motion [to compel] sought production of these documents").

In their response to plaintiff's requests for production 7-9, defendants simply stated:

> 7. **<u>OBJECTION</u>**; attorney/client privilege; work product.
>
> 8. **<u>OBJECTION</u>**; attorney/client privilege; work product.
>
> 9. **<u>OBJECTION</u>**; attorney/client privilege; work product.

<u>See</u> <u>id.</u> at Ex. B (Defendants' Response to Plaintiff's Request for Information and Documents).

ORDER DENYING DEFENDANTS'
RULE 72(a) OBJECTIONS                    -2-

In <u>Burlington N. & Santa Fe R.R. Co., v. United States Dist. Court for the Dist. of Montana</u>, 408 F.3d 1142 (9th Cir. 2005), the Ninth Circuit held that while a privilege log was not per se required, boilerplate objections were insufficient to assert privilege or material subject to protection as trial preparation material, holding:

> We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege. However, we also reject a <u>per se</u> waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit. Instead, using the 30-day period as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: [1] <u>the degree to which the objection or assertion of privilege enables</u> the litigant seeking discovery and <u>the court to evaluate whether each of the withheld documents is privileged</u> (where providing particulars typically contained in a privilege log is presumptively sufficient and <u>boilerplate objections are presumptively insufficient</u>); [2] the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline is sufficient); [3] the magnitude of the document production; and [4] other particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard.

<u>Id.</u> at 1149 (emphasis added). Under the factors from <u>Burlington N. & Santa Fe R.R. Co.</u> set forth above, the Court finds and concludes that Judge Donohue's "Order Denying Defendants' Motion for Reconsideration" (Dkt. #52) under Fed. R. Civ. P. 72(a) is not contrary to law.

First, in response to plaintiff's request for production, defendants had the burden to provide more than the boilerplate objection that they asserted, "**OBJECTION**; attorney/client privilege; work product" in order for the "court to evaluate whether each of the withheld documents is privileged." <u>Burlington N. & Santa Fe R.R. Co.</u>, 408 F.3d at 1149. Second, in their response to plaintiff's request for production, defendants failed to provide <u>any</u> information about the withheld documents. Asserting that "Island County did not submit a privilege log because the documents withheld from production were self-evident based on the nature of Mr. Pallaske's requests," does not satisfy defendants' obligations under Fed. R. Civ. P. 26(b)(5) and 34. <u>See</u> Dkt. #54 at 7. Although the <u>identity</u> of the document may have been self-evident, the <u>reason</u> the documents were covered by the attorney-client privilege or work product doctrine

ORDER DENYING DEFENDANTS'
RULE 72(a) OBJECTIONS                           -3-

was not self-evident to the Court based on defendants' boilerplate objection and did not provide any information to allow the court to evaluate the merit of defendants' objection. Third, the magnitude of the document production in this case appears to have been minimal. In response to plaintiff's request for production, defendants produced only 42 pages. See Dkt. #55 at Ex. B. Finally, defendants did not show that the circumstances of the litigation made responding to discovery unusually hard. Notably, defendants failed to respond to plaintiff's motion to compel (Dkt. #33). See Dkt. #34 (Order Granting Plaintiff's Motion to Compel and Order Directing Defendants to Show Cause); Dkt. #54 ("Island County did not formally respond [to the motion to compel]").

### III. CONCLUSION

For all of the foregoing reasons, "Defendants' Rule 72(a) Objections to Magistrate Judge Donohue's November 15, 2007 Order Denying Defendants' Motion for Reconsideration" (Dkt. #54) is DENIED.

DATED this 10th day of December, 2007.

*[signature]*

Robert S. Lasnik
United States District Judge