UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD EARL PALLASKE, | ) Case No. C06-1735-RSL-JPD |
| Plaintiff, | ) |
| v. | ) ORDER DENYING PLAINTIFF'S |
| | ) SECOND MOTION FOR |
| ISLAND COUNTY, et al., | ) DEFAULT JUDGMENT |
| Defendants. | ) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this claim for relief brought under 42 U.S.C. § 1983.  The present matter comes before the Court on plaintiff's second Motion for Default Judgment, filed on October 16, 2007.  Dkt. No. 42.  After careful consideration of the motion, response, the governing law, and the balance of the record, the Court ORDERS:

(1)   Plaintiff's second motion for a default judgment (Dkt. No. 42) is DENIED. Rule 37 permits a district court, in its discretion, to enter a default judgment against a party who fails to comply with discovery order.  Fed. R. Civ. P. 37(b)(2).  However, because this is considered a "drastic sanction," the Ninth Circuit has cautioned that "the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith.'"  *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting *Payne v.*

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR DEFAULT JUDGMENT
PAGE – 1

01 *Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997)).  In deciding whether such a sanction is
02 appropriate, the district court should weigh the following five factors: "(1) the public's interest
03 in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
04 prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their
05 merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Malone v. U.S. Postal
06 Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)) (alteration by *Brotby* court).  "The first two of these
07 factors favor the imposition of sanctions in most cases, while the fourth cuts against a default .
08 . . .  Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v.
09 Johnston*,  910 F.2d 652, 656 (9th Cir. 1990).

10      Not only has plaintiff failed to establish willfulness, fault, or bad faith on the part of the
11 defendants in this situation, it is clear that most of the aforementioned factors weigh against the
12 imposition of default judgment at this juncture.   First, the record reflects that defendants
13 *responded* to plaintiff's sixth request for the production of documents on September 6, 2007,
14 though perhaps not to the extent plaintiff had hoped.  Specifically, the defendants provided
15 plaintiff with documents related to questions 1 through 5, noted that the information sought by
16 question 6 was "being compiled" and would be "supplement[ed] . . . when the information
17 [became] available," made attorney-client and work product objections to question 7 though 9,
18 and noted that no documents existed with regard to question 10.  *See* Dkt. No. 50, Ex. A.
19 Furthermore, apart from the vague displeasure of not being totally satisfied with the documents
20 he received, plaintiff has not alleged prejudice resulting from any delay in receiving the
21 information sought by his sixth discovery request; nor has any putative delay interfered with
22 plaintiff's legal claims or the rightful decision of the merits of this case.  *See Wanderer*, 910
23 F.2d at 656 ("Delay alone, without a focus on its effects, will not justify dismissal or default.").
24 Finally, lesser sanctions, such as the possible production of certain documents defendants have
25 refused to produce based on the work product doctrine, may still be available in this case.  *See*
26

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR DEFAULT JUDGMENT
PAGE – 2

01 Dkt. No. 47.

02 For similar reasons, the Court finds that the imposition of monetary sanctions against
03 the defendants would be improper at this juncture, as would the plaintiff's other miscellaneous
04 sanction proposals, such as his request to inform the jury of the parties' discovery disputes.

05 (2) The Clerk is directed to send a copy of this Order to the parties, and to the
06 Honorable Robert S. Lasnik, Chief Judge.

07 DATED this 11th day of December, 2007.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR DEFAULT JUDGMENT
PAGE – 3